PER CURIAM.
The Traffic Court Rules Committee of the Florida Bar petitions this Court to approve its emergency amendments to the Florida Rules of Practice and Procedure for Traffic Courts. We have jurisdiction. Fla. Const. Art. V, § 2(a).
We approve, in toto, the proposed changes. The text of the amended portions of the rules is appended to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered only for explanation and are not adopted as an official part of the rules. This amendment shall be effective immediately.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
*189 RULES OF PRACTICE AND PROCEDURE FOR TRAFFIC COURTS
IV. TRAFFIC INFRACTIONS
RULE 6.325. SPEEDY TRIAL: INFRACTIONS ONLY
(a) General Rule. Except as otherwise provided in this rule, every defendant charged with a noncriminal traffic infraction shall be brought to trial within 180 days of the date the-alleged infraction took placethe defendant is served with the uniform traffic citation or other charging document. If trial is not commenced within 180 days, the defendant shall be entitled to dismissal of the infraction charge.
(b) Effect of Delay or Continuances. If the trial of the defendant is not commenced within the 180-day requirement established by this rule, a motion for dismissal shall be granted by the court unless it is shown that
(1) failure to hold trial was attributable to the defendants the defendant’s counsel, or
(2) the defendant was unavailable for trial. If the court finds that dismissal is not appropriate for the reasons listed in this subdivision, the motion for dismissal shall be denied.
(c) Application of Rule. This rule shall not apply to any infraction that is a part of a single episode or occurrence, which is attached to, consolidated with, or associated with a criminal traffic offense.
(d)-Sehedule. This rule shall be effective and-govem the trial dates of-all-noncriminal traffic infractions pending at 12:01 aun--on January 1,1994, or-occurring after that time. All- time computations under- the this rule shall run from the date the alleged infraction took place, as provided in subdivision (a).
Committee Notes
1992 Adoption. This rule establishes a speedy trial rule for traffic infractions and provides for automatic dismissal upon motion after the expiration of 180 days.
1995 Amendment. Subdivision (a) was amended to make it clear that the speedy trial rule was not meant to be a “statute of limitations.” Under the existing statute of limitations (section 775.15(2)(d), Florida Statutes) infractions must be filed within one year of the date of the event that is the reason for the charge. This amendment makes it clear that the state can bring the charge within one year from the date of the infraction, but the charge must be tried within 180 days from the date of service of the infraction upon the accused. Subdivision (d) was entirely eliminated as unnecessary.
RULE 6.630. CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC MAGISTRATES (TRANSITION RULE)
Effective October 1, 1989, pursuant to the authority of article V, section 1, Florida Constitution, and chapter 89-337, Laws of Florida, a civil traffic infractions hearing officer program is authorized. Pursuant to the authority of chapter 89-337, Laws of Florida, and article V, section 2, Florida Constitution, this court adopts the following rules and procedure for the pilot Civil Traffic Infraction Hearing Officer Program designed to test the feasibility of establishing a statewide program,:
(a) Eligibility of County. Any county in which the civil traffic infraction caseload for the immediately preceding calendar year was in excess of 15,000 hearings shall be eligible to participate in the pilot Civil Traffic Infraction Hearing Officer Program.
(b) Participation. Any county electing to participate in the program shall be subject to the supervision of this court and shall assist in the feasibility study. The decision on whether to participate shall be made by the chief judge.
(c) Appointment of Magistrates. The appointment of such hearing officers, to be designated “traffic magistrates,” shall be made by the chief judge, after consultation with the county judges in the county affected, and shall be approved by the chief justice. Once approval has been granted by the chief justice, the traffic magistrates shall serve at the will of the chief judge.
(d) Jurisdiction. Traffic magistrates shall have the power to accept pleas from defendants, hear and rule upon motions, de *190 cide whether a defendant has committed an infraction, and adjudicate or withhold adjudication in the same manner as a county court judge. However, a traffic magistrate shall not:
(1) have the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt with an appropriate state trial court judge pursuant to Florida Rule of Criminal Procedure 3.840;
(2) hear a case involving an accident resulting in injury; or
(3) hear a criminal traffic offense case or a case involving a civil traffic infraction issued in conjunction with a criminal traffic offense.
(e) Appeals. Appeals from decisions of a traffic magistrate shall be to the circuit court pursuant to the relevant provisions of the Florida Rules of Appellate Procedure in the same manner as appeals from the county court, except that traffic magistrates shall not have the power to certify questions to district courts of appeal. The appellant shall be responsible for producing the record for such an appeal.
(f) Membership in The Florida Bar. A traffic magistrate shall be a member in good standing of The Florida Bar.
(g) Training. Traffic magistrates shall be required to complete training approved by the supreme court.
(h) Hours. Traffic magistrates may serve either full time or part time at the discretion of the chief judge.
(i) Code of Judicial Conduct. All traffic magistrates shall be subject to the Code of Judicial Conduct in the same manner as part-time judges, except that they shall be exempt from Canon 6B and C and the first portion of provision A(2) of the compliance section of the code, which prohibits a part-time judge from practicing in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves. Whether full-time or part-time, traffic magistrates shall be prohibited from representing clients or practicing before any official in any county court traffic matter or from representing any client appealing any county court traffic decision.
(j) Implementation of Program. In any county electing to establish a pilot program, the chief judge shall develop a plan for its implementation and shall submit the plan to the Office of the State Courts Administrator. Funds for the pilot program are to be used for hearing officer program salaries, provided that the traffic magistrates shall be paid no more than $20 per hour, and other necessary expenses, such as training, office rental, furniture, and administrative staff salaries. Any county electing to establish a pilot program shall provide the funds necessary to operate the program.
(k) Robes. Traffic magistrates shall not wear robes.
(l) Evaluation of Program. The evaluation of the pilot project shall be conducted by the Office of State Courts Administrator. All court-related personnel involved in the program shall assist in the feasibility study.
(m) Concurrent Jurisdiction. A county judge may exercise concurrent jurisdiction with a traffic magistrate.
(n) Assignment to County Judge. On request of the defendant, contained in a notice of appearance or written plea, the case shall be assigned to a county judge regularly assigned to hear traffic matters.
Committee Notes
1990 Adoption. The rule attempts to incorporate relevant provisions of chapter 89-337, Laws of Florida, with minor modifications.
The provision in subdivision (c) that the traffic magistrate shall serve at the will of the chief judge is implicit in chapter 89-337, and is believed to be a good policy because it makes irrelevant consideration of the necessity of any involvement by the Judicial Qualifications Commission.
[(d)(1)] See 1990 Committee Note concerning rule 6.080.
In relation to subdivision (e) on appeals, the subcommittee believes that the addition of the language on the certifications to district courts, while making an obvious point, would avoid any possible confusion. It was *191 also the consensus that there would be no need to recommend amendments to the Florida Rules of Appellate Procedure because rules 9.030(b)(4)(A) and 9.030(c)(1)(A) would appear to cover the matter adequately without further amendment.
Subdivision (g) goes into less detail concerning the actual length of training (40 hours preservice/10 hours continuing) required by chapter 89-337. A special plan for such training will be provided separately, including a recommendation for the waiver of such training for recently retired county court judges.
This rule expands the statutory prohibition of chapter 89-337, section 7, which prohibits traffic magistrates from practicing before other civil traffic magistrates and handling traffic appeals. The committee expressed concern that a limited prohibition extending only to practice before other magistrates might be read as condoning magistrate practice in traffic cases in front of county court judges. Given the contemplated relationship between county court judges and magistrates in education, training, and professional duties, such practice would give the appearance of conflict and should be prohibited.
In relation to subdivision (k), it was the opinion of the subcommittee that the wearing of robes might lead to confusion and interfere with the informal setting of the hearings.
1990 Amendment. Amendment of section 318.30, Florida Statutes (1990), reduced the case load requirement from 20,000 to 15,000 for purposes of allowing a county’s participation in the Civil Traffic Infraction Hearing Officer Program. This amendment is necessary to conform the rule to the provisions of amended statute.
1995 Amendment. Language was added to subdivision (d) to make it clear that hearing officers/magistrates can hear and rule upon motions, such as continuance motions, and otherwise handle normal motion practice in infraction cases.